# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-CV-013-GCM-DCK

| | |
|---|---|
| SHANNON LINDSAY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 11) and "Defendant's Motion For Summary Judgment" (Document No. 12). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment…" be <u>denied</u>; that "Defendant's Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I.  BACKGROUND

Plaintiff Shannon Lindsay ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On October 26, 2011, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning November 1, 2010. (Transcript of the Record of Proceedings ("Tr.") 8, 157-165). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied

Plaintiff's application initially on or about February 21, 2012, and again after reconsideration on August 24, 2012. (Tr. 8, 78-81, 82-91). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 82-91).

Plaintiff filed a timely written request for a hearing on October 4, 2012. (Tr.8, 96-100). On August 1, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge Mary S. Lassy ("ALJ"). (Tr. 27-51). Tom L. Wagner, Ph.D., a medical expert, Leslie F. Lloyd, Ph.D., a vocational expert ("VE"), and Russell R. Bowling, Plaintiff's attorney, appeared at the hearing. Id. In addition, Barbara Wilhite, the Plaintiff's mother, testified on the Plaintiff's behalf. Id.

The ALJ issued an unfavorable decision on October 30, 2013, denying Plaintiff's claim. (Tr. 5-7, 8-20). Plaintiff filed a request for review of the ALJ's decision on December 31, 2013, which was denied by the Appeals Council on November 24, 2014. (Tr. 1-3, 148-149). The October 30, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 21, 2015. (Document No. 1). On February 2, 2015, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 11) and "Plaintiff's Brief In Support Of Her Social Security Appeal" (Document No. 11-1) were filed June 29, 2015; and "Defendant's Motion For Summary Judgment" (Document No. 12) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 13) were filed August 21, 2015.[1] "Plaintiff's Response Brief In Support Of Her Social Security Appeal" (Document No. 14) was filed September 8, 2015.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner − so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

---

[1] The undersigned observes that Plaintiff's Memorandum of Law is not organized as required by this Court's "Social Security Briefing Order" (Case No. 3:13-mc-198-FDW; Document No. 1). For example, the first section of the Memorandum should be a "Summary of Case" that does not exceed two (2) pages. Counsel is respectfully advised that failure to abide by the Court's "Social Security Briefing Order" may result in a motion being summarily denied.

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 26, 2011, the date Plaintiff's application was filed, and the date of the ALJ's decision, October 30, 2013.[2] (Tr. 8, 19-20). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 18-20).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since October 26, 2011, her alleged disability onset date. (Tr. 10). At the second step, the ALJ found that schizoaffective disorder, anxiety disorder, and substance abuse, were severe impairments.[3] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. Id.

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform a full range of work at all exertional levels, with the following limitations:

> The claimant should never climb ladders, ropes, or scaffolds. She can understand, remember, and carry out occasionally detailed tasks. She can interact with coworkers and occasionally interact with supervisors and the public. The claimant can adapt to stress in an object-oriented work setting and infrequent changes, although changes should be gradually introduced in a work setting. Finally, the claimant should avoid fast-paced work.

(Tr. 16). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff has no past relevant work. (Tr. 18). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 18). Specifically, the ALJ noted that the VE testified that according to the factors given by the ALJ, occupations claimant could perform included: janitor, order filler, laundry worker, mail clerk, office cleaner, and clerical addresser. (Tr. 19). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between October 26, 2011, and October 30, 2013. (Tr. 19-20).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to comment on evidence of a disability determination by the North Carolina Department of

Health and Human Services; and (2) the ALJ failed to properly evaluate the opinion evidence. (Document No. 11-1, pp.2, 17-18); see also (Tr. 249).

A.  **Decision by North Carolina Department of Health and Human Services ("DHHS")**

In her first assignment of error, Plaintiff argues that the ALJ improperly failed to comment on DHHS' May 24, 2012 decision, finding that Plaintiff was eligible for Aid to the Disabled-Medical Assistance, and that the "effective date of Medicaid eligibility is October 2011." (Document No. 11-1, p.17; Tr. 252). The DHHS decision notes that in order to be eligible for Aid to the Disabled-Medical Assistance, an applicant must meet the Supplemental Security Income Standards found at 20 CFR 416. (Tr. 249).

On appeal to this Court, Plaintiff acknowledges that "the Medicaid decision was not binding upon the Commissioner," but argues that the regulations, and prior decisions by "North Carolina District Courts," "require that an ALJ must nonetheless 'explain the consideration given to this decision in the notice of decision.'" (Document No. 11-1, p.17) (quoting SSR 06-03p) and (citing Harshman v. Astrue, 2011 WL 4957371 (E.D.N.C. Oct. 18, 2011); Alexander v. Astrue, 2010 WL 4668312 (E.D.N.C. Nov. 5, 2010); Watson v. Astrue, 2009 WL 2423967 (E.D.N.C. Aug. 6, 2009); and Bridgeman v. Astrue, 2008 WL 1803619 (E.D.N.C. Apr. 21, 2008). See also, Batchelor v. Colvin, 962 F.Supp.2d 864, 867-68 (E.D.N.C. 2013); Schick v. Colvin, 2015 WL 8481950 (E.D.N.C. Oct. 13, 2015).

> SSR 06-03p provides in pertinent part that the Commissioner is
>> required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 4 04.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of **a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered**.

7

SSR 06-03p, 2006 WL 2329939, at *6 (2006) (emphasis added).

In response, Defendant argues that the ALJ's treatment of the DHHS determination does not warrant a remand. (Document No. 13, p.4). Defendant asserts that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain." (Document No. 13, p.5) (quoting SSR 06-03p). Defendant notes that here the ALJ stated that she considered the "entire record," and Defendant contends such consideration is sufficient. Id. In the alternative, Defendant argues that even if the ALJ erred by not explicitly addressing the DHHS disability determination, such error was harmless. (Document No. 13, p.6).

The undersigned finds that both parties have failed to address persuasive authority from this Court. Moreover, Plaintiff's argument inaccurately suggests that all U.S. District Courts in North Carolina agree that an ALJ's failure to say anything about a DHHS decision is an error requiring remand. See (Document No. 11-1, p.17) (citing Watson v. Astrue, 2009 WL 2423967 (E.D.N.C. Aug. 6, 2009) and Harshman v. Astrue, 2011 WL 4957371 (E.D.N.C. Oct. 18, 2011)); see also (Document No. 14, pp.1-4).

Contrary to Plaintiff's position, it appears that this Court has addressed this issue on several occasions and consistently reached a different conclusion than our colleagues in the United States District Court for the Eastern District of North Carolina. A recent decision by Chief Judge Frank D. Whitney is instructive:

> In this case, the ALJ indirectly referred to the Medicaid decision by noting that he considered the opinion evidence of record "in accordance with the requirements of ... [SSR] 06–3p." (Tr. 19). Plaintiff cites to a string of Eastern District of North Carolina ("E.D.N.C.") cases that have held that mentioning the SSR 06–03p, without a direct reference to or specific explanation of the Medicaid decision, is insufficient to satisfy the requirements of SSR 06–03p. (Doc. No. 12). Indeed, this argument would be persuasive under the E.D.N.C. cases cited. However, as Defendant correctly points out, **Western District of North Carolina ("W.D.N.C.") cases have**

8

> **held that, in the absence of any other evidence qualifying for analysis under SSR 06–03p, a statement by the ALJ that he considered opinion evidence in accordance with SSR 06–03p is a sufficiently adequate consideration of the prior Medicaid determination**. See Lail v. Colvin, No. 5:13–cv–89–MR–DLH, 2014 WL 4793234, at *6 (W.D.N.C. Sept. 25, 2014) (in the absence of any other evidence qualifying for analysis under SSR 06–03p, the ALJ's reference to SSR 06–03p sufficed to show that he appropriately considered the NCDHHS decision); McLawhorn v. Colvin, 2:13–CV–00024–FDW, 2014 WL 2215936, at *6 (W.D.N.C., May 29, 2014); Bradshaw v. Astrue, No. 2:08cv033, 2011 WL 4344538, at *7 (W.D.N.C. Sept. 15, 2011); Parsons v. Astrue, No. 5:10–CV–00075–RLV–DCK, 2011 WL 4596156, at *8 (W.D.N.C. June 15, 2011).
>
> In the instant case, the prior Medicaid decision was the only opinion evidence in the record that would implicate consideration under SSR 06–03p. Accordingly, consistent with previous decisions in this District, the Court concludes that the ALJ's reference to that ruling indicated that he considered the State Medicaid decision pursuant to the requirements therein. Although the record contains no explanation by the ALJ as to why he discounted the State Medicaid decision, the Court finds any error on this matter to be harmless. Thus, the Court concludes that, insofar as the ALJ's failure to explain his consideration of the State Medicaid decision more thoroughly may have been error, it was harmless error. See Bradshaw, No. 2:08cv033, 2011 WL 4344538, at *7.

Gabriel v. Colvin, 1:14-CV-270-FDW, 2015 WL 4591591, at *3-4 (W.D.N.C. July 29, 2015) (emphasis added); see also, Fraley . Colvin, 3:14-CV-192-RLV, 2015 WL 5007826, at *5 (W.D.N.C. Aug. 20, 2015).

Like Gabriel, the ALJ in the instant case stated: "[t]he undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p, **and 06-3p**." (Tr. 16) (emphasis added). Based on the foregoing, and recognizing the ALJ's failure to explain why she discounted the DHHS decision, the undersigned is nevertheless compelled to recommend that even if the ALJ erred by failing to explicitly comment on the DHHS decision, such error is harmless.

9

**B.     Opinion Evidence**

Plaintiff also alleges that the ALJ erred by failing "to properly weigh the opinion evidence." (Document No. 11-1, p.18). Specifically, Plaintiff contends that the ALJ "improperly ignored opinion evidence and gave significant weight to the non-examining physician's opinions without adequate reasoning." Id. Plaintiff attempts to divide this issue regarding opinion evidence into three different arguments; however, the undersigned finds that they are all essentially the same argument – that the ALJ improperly "ignored" or "rejected" the opinions of counselor Joanne Morelock, LPC, NCC, LCAS ("Morelock") and testifying medical expert, Tom L. Wagner, Ph.D ("Wagner"). (Document No. 11-1, pp.18-26).

Plaintiff first describes the "Mental Residual Functional Capacity Questionnaire" completed by treating therapist Morelock on or about April 17, 2012, and the testimony of Dr. Wagner at the hearing on August 1, 2013. (Document No. 11-1, pp.18-22) (citing Tr. 386-391, 45-47). Without explanation or citation to any authority, Plaintiff appears to conclude that this one questionnaire and brief hearing testimony support a finding that Plaintiff is disabled. Id.

Plaintiff then pivots from the suggestion that the ALJ "improperly ignored" Morelock and Wagner's opinions, to arguing that she "improperly rejected" those opinions. (Document No. 11-1, pp.23-26). In doing so, Plaintiff quotes several passages from the ALJ decision where the ALJ described why she was not entirely persuaded by Morelock and Wagner's opinions. (Document No. 11-1, pp.23-24) (quoting Tr. 14, 17). Plaintiff argues that based on other evidence in the record the ALJ's "findings are unreasonable." (Document No. 11-1, p.24).

Finally, Plaintiff argues that the ALJ unreasonably relied on the opinions of state agency psychologists "over Ms. Morelock's and Dr. Wagner's opinions." (Document No. 11-1, p.26) (citing Tr. 15). Plaintiff acknowledges that the ALJ was required to evaluate these state agency

opinions, but suggests that the ALJ erred by adopting these opinions because they were based on an incomplete record. Id.

In response, Defendant argues that the ALJ properly evaluated the opinion evidence, and moreover, that substantial evidence supports the weight the ALJ assigned the opinion evidence. (Document No. 13, p.10).

Defendant first recognizes Ms. Morelock's opinion, and then describes the ALJ's reasoning for the weight she assigned to that opinion, including the ALJ's specific citations to evidence of record. (Document No. 13, pp.10-12) (citing Tr. 14, 17, 34-36, 386-391). In addition, Defendant takes issue with Plaintiff's contention that Morelock's opinion "'was a medical judgement' that the ALJ was not qualified to 'second-guess.'" (Document No. 13, p.11) (quoting Document No. 11-1, p.25). Defendant argues that as a therapist, Morelock is not an "acceptable medical source," but an "other source." Id. (quoting 20 C.F.R. § 416.913(a), (d)). Defendant notes that "[a]n opinion from an 'other source' is entitled to 'significantly less weight' than the opinion of an 'acceptable medical source' such as a physician or a psychologist." Id. (quoting Craig, 76 F.3d at 590).

Defendant also asserts that the ALJ provided adequate reasons for the weight she assigned to Dr. Wagner's testimony. (Document No. 13, p.12). Defendant notes that the ALJ stated that she was "not persuaded by [Dr. Wagner's opinion] due to the fact that Dr. Wagner testified that Plaintiff's drug abuse was contributing to the claimant's impairments, and he could not specifically identify what portion of that drug abuse contributed to the functional limitations." (Document No. 13, pp.12-13) (citing Tr. 14, 46). Defendant further notes that the ALJ found that "Dr. Wagner's opinion that Plaintiff had a marked limitation in social functioning was unpersuasive because the record showed that she interacted with her mother, played with her children, and interacted with

11

friends." (Document No. 13, p.13) (citing Tr. 14, 34-36).  Defendant also directs the Court's attention to the ALJ's observation that one state agency psychologist opined that Plaintiff had mild limitations with social functioning, and another opined that "social functioning was more moderately limited." (Document No. 13, pp.13-14); see also, (Tr. 57, 60, 70, 73).

Defendant persuasively notes that conflicting evidence regarding Plaintiff's social functioning was for the ALJ to resolve. (Document No. 13, p.14) (citing Johnson, 434 F.3d at 653). Defendant concludes that the ALJ supportably discredited the Wagner and Morelock opinions based on their inconsistency and other substantial evidence in the record. Id. Moreover, Defendant asserts that the ALJ accounted for Plaintiff's limitations in social functioning by restricting her to occasional interaction with supervisors and the public. Id. (citing Tr. 16).

The undersigned finds that Plaintiff provides little, if any, argument that the weight the ALJ afforded the Morelock and Wagner opinions was not supported by substantial evidence. Rather, Plaintiff disagrees with the ALJ's decision, and appears to argue that this Court should re-weigh the evidence. (Document No. 11-1, pp.18-26). As noted above, it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).

Here, the ALJ discussed the Morelock and Wagner opinions at some length, and provided reasoning, supported by the record, for the weight she afforded those decisions. (Tr. 13-15, 17) (citing Tr. 45-47, 52-62, 64-76, 302-375, 376-391). Contrary to Plaintiff's argument that the ALJ "ignored" or "rejected" the Morelock and Wagner opinions, the ALJ's decision indicates that although she was not totally persuaded by those opinions, she did afford them "some weight." See

(Tr. 15) (some weight given to Wagner and Morelock opinions that Plaintiff would have marked limitations with regard to concentration, persistence, and pace);  and (Tr. 17) (some weight given to Morelock opinion that Plaintiff could perform simple work and have some interaction with supervisors).

The undersigned is persuaded that the ALJ has identified "substantial evidence" – defined as "'more than a scintilla [and as] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" – to support her decision.  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).  "[S]o long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. CONCLUSION

The undersigned finds that substantial evidence supports the Commissioner's decision in this case.  See Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 11) be **DENIED**;  "Defendant's Motion For Summary Judgment" (Document No. 12) be **GRANTED**;  and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact,

conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 25, 2016

David C. Keesler
United States Magistrate Judge